CRABTREE, Appellant, v. LANGE et al, Respondents.

(170 N. W. 153).

(File No. 4397.   Opinion filed December 31, 1918.)

**Brokers—Personalty for Realty, Suit for Commission—Exchange for Other Realty—Conflicting Evidence, Sufficiency.**

Where, in a suit to recover commission for broker's services in an exchange of jewelry stock for realty, the evidence was conflicting as to whether the contract was one for exchange of jewelry for a certain ranch, the exchange having been made for other realty, held, the evidence being sharply conflicting, some of which strongly tended to establish defendant's theory that plaintiff sought an exchange for the ranch, the verdict in defendant's favor will be sustained.

Appeal from Circuit Court, Pennington County.   HON. LEVI McGEE, Judge.

*Schrader & Lewis,* for Appellant.

*Buell & Denu,* for Respondent.

McCOY, J.   Plaintiff brought this suit to recover the sum of $300, 5 per cent. commission alleged to be due to plaintiff from defendants by reason of a trade of a certain jewelry store in Rapid

City, the property of defendants, to one Grimes for certain real estate. The contention of plaintiff is that the defendants employed him to find a purchaser who was able, ready, and willing to purchase or trade for said jewelry store, on terms acceptable to defendants, and that plaintiff found such purchaser in the person of Grimes. The contention of the defendants is that the plaintiff undertook and agreed for a commission of 5 per cent. to make a trade of said jewelry store for a certain ranch known as the Ellison ranch, and that the plaintiff did bring to them the said Grimes for the purpose of bringing about between defendants and Grimes a trade for said Ellison ranch; that the defendants and said Grimes were unable to and never did consummate a trade of the Ellison ranch for said jewelry store; but that long afterwards the defendants did consummate a trade of said jewelry store to said Grimes for other lands then owned by said Grimes, and that by reason of such trade the plaintiff was not entitled to any commission. There was a verdict and judgment in favor of defendants from which plaintiff appeals, alleging the insufficiency of the evidence to justify the verdict and also alleging errors in the instructions given to the jury on the ground that there was no evidence on which to base such instructions.

We are of the view that the vital question to be determined in this case was whether or not the defendants employed plaintiff to effect a trade of the store for Ellison ranch, or whether the defendants employed plaintiff to find a purchaser generaly for said store regardless of what particular property might be traded therefor. Upon this pure issue of fact there was some sharp conflict in the testimony and some testimony strongly tending to show that the plaintiff procured and took the said Grimes to the defendants for the sole purpose of effecting a trade for the Ellison ranch. If such was the case, and the jury so found, the plaintiff would not be entitled to recover commission for the reason that no such trade was ever consummated. We are of the view that the evidence was sufficient to sustain the verdict, and that the instructions given by the trial court in reference thereto were substantially correct.

Finding no error in the record, the judgment and order appealed from are affirmed.